# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| OCEAN SEMICONDUCTOR LLC, *Plaintiff*, v. WESTERN DIGITAL TECHNOLOGIES, INC., *Defendant*. | Case No. 6:20-cv-01216-ADA <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANT WESTERN DIGITAL TECHNOLOGIES, INC.'S OPPOSED
MOTION FOR INTRA-DISTRICT TRANSFER TO THE AUSTIN DIVISION**

# Contents

I. Introduction ........................................................................................................................4

II. Background ........................................................................................................................5

    A. The Majority of Texas Witnesses are Located in Austin, And Not in Waco ..........5

    B. WDT Has No Ties To Waco.......................................................................................7

    C. Ocean Has No Ties To Waco.....................................................................................8

III. This Court Should Transfer This Action to The Austin Division For The Convenience of the Parties ......................................................................................................................8

    A. The Private Interest Factors Favor Transfer ............................................................9

        1. The *Access to Sources of Proof* Factor Favors Transfer.............................9

        2. The *Availability of Compulsory Process* Factor is Neutral .......................11

        3. The *Convenience of the Witnesses and Parties* Factor Favors Transfer....11

        4. The *Practical Problems* Factor Favors Transfer .......................................13

    B. The Public Interest Factors Favor Transfer ............................................................14

        1. The *Court Congestion* Factor is Neutral....................................................14

        2. The *Local Interest* Factor Favors Transfer ...............................................14

        3. The *Familiarity with the Law* Factor is Neutral........................................15

        4. The *Conflict of Laws* Factor is Neutral.....................................................15

IV. Conclusion .......................................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010) ................................................................................. 7, 8, 10, 11

*In re: Adobe*,
  823 F. App'x 929 (Fed. Cir. 2020) ........................................................................................ 8, 10

*In re Apple, Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) ........................................................................................... 6, 7, 11

*Camatic Proprietary Limited v. Irwin Seating Company*,
  No. 3:16-cv-0795-M 2017 WL 2362029 (N.D. Tex. May 31, 2017) ...................................... 12

*Datascape, Ltd v. Dell Techs.*,
  No. 19-CV-00129-ADA, ECF No. 44 (W.D. Tex. June 7, 2019) ............................................ 6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................ 7, 8

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ................................................................................................ 11

*In re HP Inc.*,
  826 F. App'x. 899 (Fed. Cir. 2020) .......................................................................................... 11

*MasterObjects, Inc. v. Facebook, Inc.*,
  Case No. 6:20-CV-00087-ADA (W.D. Tex. July 13, 2021) .................................................... 8

*Moskowitz Family LLC v. Globus Medical*,
  2020 WL 4577710 (W.D. Tex. July 2, 2020) ....................................................................... 8, 10

*Ocean Semiconductor LLC v. Renesas Elecs. Corp.*,
  Case No. 6:20-cv-01216-ADA, D.I. 39 (W.D. Tex. July 9, 2021) ................................. 2, 3, 11

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ................................................................................................. 5, 6

*Raz Imps., Inc. v. Luminara Worldwide, LLC*,
  No. 15-cv-02223-M, 2015 WL 6692107 (N.D. Tex. Nov. 3, 2015) ......................................... 7

*In re TOA Techs., Inc.*,
  543 Fed. App'x 1006 (Fed. Cir. 2013) ..................................................................................... 6

*Uniloc USA, Inc. v. Blackboard, Inc.*,
  No. A-17-cv-00753, 2020 WL 4578702 (W.D. Tex. May 15, 2020) ........................................7

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) ........................................................................... *passim*

*Word to Info, Inc. v. Facebook, Inc.*,
  No. 3:14-CV-4387-K, 2015 WL 13870507 (N.D. Tex. July 23, 2015) ..................................11

**Statutes**

28 U.S.C. § 1404(a) ..............................................................................................................1, 2, 5, 6

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(B)(ii) ........................................................................................................8

Pursuant to 28 U.S.C. § 1404(a), Defendant Western Digital Technologies, Inc. ("WDT") respectfully moves to transfer this action to the Austin Division of the Western District of Texas ("Austin Division") "[f]or the convenience of parties and witnesses."

## I.     INTRODUCTION

This case should be transferred to the Austin Division because almost all the relevant, Texas-based witnesses are located in Austin, not Waco.  Plaintiff Ocean Semiconductor LLC ("Ocean") alleges that certain WDT "semiconductor products" imported into the United States are allegedly "made by" processes patented by the Asserted Patents[1] (the "WDT Accused Products") using third party systems from Applied Materials, Inc. ("Applied"), PDF Solutions Inc. ("PDF"), and ASML Holding N.V. ("ASML").  Ocean also alleges that WDT contracts with third party semiconductor fabricators or "foundries"—Kioxia Corporation[2] and Taiwan Semiconductor Manufacturing Company ("TSMC")—to make the WDT Accused Products using such third party systems.

However, the relevant Texas-based third party engineers are located in Austin, not in Waco.  Moreover, the original assignee of the Accused Patents—Advanced Micro Devices, Inc.

---

[1] The Asserted Patents include: U.S. Patent No. 6,725,402 (the "'402 patent"); U.S. Patent No. 6,836,691 (the "'691 patent"); U.S. Patent No. 8,676,538 (the "'538 patent"); U.S. Patent No. 6,907,305 (the "'305 patent"); U.S. Patent No. 6,968,248 (the "'248 patent"); U.S. Patent No. 7,080,330 (the "'330 patent"); and U.S. Patent No. 6,660,651 (the "'651 patent").

[2] Ocean's complaint appears to incorrectly allege that WDT contracts with Kioxia Corporation to produce the WD Accused Products.  *See* Compl., ¶ 8.  However, as stated in the 10-K for the fiscal year ended July 3, 2020, filed with the SEC by WDT's parent, Western Digital Corporation ("WDC"), "procures substantially all of its flash-based memory wafers from its business ventures with Kioxia Corporation ('Kioxia'), which consists of three separate legal entities: Flash Partners Ltd. ('Flash Partners'), Flash Alliance Ltd. ('Flash Alliance'), and Flash Forward Ltd. ('Flash Forward')…").  *See* Declaration of Ahmed ElDessouki, August 18, 2021 ("ElDessouki Decl."), Ex. A at 83.  Flash Partners, Flash Alliance, and Flash Forward are collectively referred to in this paper as the "Kioxia JV."

("AMD")—is located in Austin and has no presence in Waco. Additionally, eight inventors are currently located in Austin, Texas. Similarly, WDT and its affiliates have no ties whatsoever to Waco—*i.e.*, no documents, no employees, and no offices are located in Waco. Ocean similarly has no ties to Waco (or this District) whatsoever.

While WDT disputes that either Austin or Waco is "convenient" as a general matter under Section 1404(a) given how significant a presence WDT has in California as compared to its minimal presence in the state of Texas (particularly regarding the technologies at issue in this case), WDT recognizes that there are unique circumstances in this case—*i.e.*, that a number of third party witnesses are located in Austin, Texas. Further, proceeding in the Austin Division (as opposed to the Waco Division) would at least minimize some inconvenience to both WDT's witnesses and to third party witnesses. Accordingly, given the unique facts of this case, the Austin Division is clearly more convenient than the Waco Division, and WDT requests transfer to the Austin Division "[f]or the convenience of parties and witnesses."[3]

## II. BACKGROUND

### A. The Majority of Texas Witnesses are Located in Austin, And Not in Waco

As detailed WDT's March 12, 2021 Motion to Dismiss, Ocean alleges that certain WDT "semiconductor products" imported into the United States are allegedly "made" using third party systems that rely on processes claimed in the Asserted Patents. *See* D.I. 1 ("Compl.") ¶¶ 8-21, 72-214; D.I. 12 ("MTD") at 2-12. Ocean also alleges that WDT contracts with third party foundries to make such "semiconductor products." *See* Compl. ¶¶ 8-21, 72-214. A table summarizing Ocean's allegations is provided below:

---

[3] Ocean stated in a related case that there would be no inefficiency in transferring this case to the Austin Division. *See Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, Case No. 6:20-cv-01216-ADA, D.I. 39 (W.D. Tex. July 9, 2021) (opposing defendants' Motion to Transfer to the Northern District of California but conceding that a transfer to Austin would not be inefficient).

5

| Accused Patent | Third Party Systems | Third Party Foundries |
| --- | --- | --- |
| U.S. Patent No. 6,660,651 | ASML TWINSCAN | TSMC; Kioxia JV |
| U.S. Patent No. 6,725,402 | Applied E3; PDF Exensio | TSMC; Kioxia JV |
| U.S. Patent No. 6,907,305 | Applied SmartFactory | Kioxia JV |
| U.S. Patent No. 6,968,248 | Applied SmartFactory | Kioxia JV |
| U.S. Patent No. 7,080,330 | ASML YieldStar | TSMC; Kioxia JV |
| U.S. Patent No. 6,836,691 | Applied E3; PDF Exensio | TSMC; Kioxia JV |
| U.S. Patent No. 8,676,538 | Applied E3; PDF Exensio | TSMC; Kioxia JV |

Compl. ¶¶ 8-21, 72-214.  These third parties (other than PDF and the Kioxia JV) all have a presence in Austin, and none of these third parties have a presence, nor do they conduct business, in Waco.

Applied has a research and development facility, along with a manufacturing facility in Austin; it has no presence in Waco.  *See* ElDessouki Decl., Exs. B, C; Declaration of Alex Chan, July 9, 2021 (originally filed on behalf of Ocean in *Renesas*, Case No. 6:20-cv-01216-ADA, D.I. 39-1) ("Chan Decl.") ¶ 8, Ex. 6.  Applied also has 2,492 employees in Austin that are listed on LinkedIn.  *See* ElDessouki Decl., Ex. F.  Accordingly, one or more Applied engineers who could provide competent testimony, and relevant documents regarding the research, design, development, and testing of the E3 and SmartFactory systems, are likely located in Austin, not Waco.

ASML has an office in Austin but does not have an office in Waco.  *Id.*, Ex. D; Chan Decl., ¶ 7, Ex. 5.  ASML has at least 69 employees that are listed on LinkedIn as being in Austin, including a number of engineers.  ElDessouki Decl., Ex. G.  No ASML employee is based in Waco. *Id.*, Ex. J. Accordingly, relevant documents related to the research, design, development, and testing of the ASML YieldStar system, as well as engineers with knowledge of those topics, are likely located in Austin, not Waco.

6

TSMC has a "Design Center" in Austin, but also does not have an office in Waco. Chan. Decl., ¶ 6, Ex. 4. It also has at least 85 employees that are listed on LinkedIn as being in Austin, including a number of engineers. ElDessouki Decl., Ex. H. No TSMC employee is based in Waco. *Id*., Ex. K. Accordingly, relevant documents related to its use of the third party systems in manufacturing processes associated with the WDT Accused Products, as well as engineers with knowledge of those topics, are likely located in Austin (or at least accessible in Austin), but certainly not in Waco.

Further, Ocean acquired the Asserted Patents from Fullbrite, which in turn acquired them from AMD in 2019. AMD also has an office in Austin, with 2,835 employees that self-identify as residing in Austin, and at least 400 open jobs. *Id.*, Exs. E, I; Chan Decl., ¶ 5, Ex. 3. AMD does not have an office in Waco and no AMD employee is based in Waco. ElDessouki Decl., Ex. L. Moreover, according to Ocean's recently filed declaration, at least eight of the nine named inventors of five of the seven Asserted Patents presently reside in Austin. Chan Decl., ¶ 9.

Finally, neither PDF nor Kioxia Corporation have any presence in Waco. *Id*., Exs. M, N.

**B.     WDT Has No Ties To Waco**

WDT is incorporated in the state of Delaware. Declaration of Steven Daneman In Support of Defendant WDT's Motion to Transfer and to Dismiss ("Daneman Decl."), at ¶ 4. WDT's corporate headquarters are located in San Jose, California, and it has a significant presence throughout the Bay Area and in Orange County, California. *Id*. at ¶¶ 4-5. WDT leases two offices in Austin, which host a small number of employees (who have no knowledge relevant to the allegations in this litigation). *Id*. at ¶ 6; Compl. ¶ 3. Conversely, WDT does not have any presence in Waco. Daneman Decl. at ¶¶ 8-10.

### C. Ocean Has No Ties To Waco

Ocean does not appear to have any ties to Texas whatsoever, and certainly not to Waco. It is a limited liability company organized and existing under the laws of the State of Delaware. Compl., ¶ 2. Ocean is wholly owned by Fullbrite Capital Partners ("Fullbrite"), a Michigan limited liability company. *See* D.I. 8. WDT is not aware of any Ocean witnesses or documents located in the Western District of Texas.

### III. THIS COURT SHOULD TRANSFER THIS ACTION TO THE AUSTIN DIVISION FOR THE CONVENIENCE OF THE PARTIES

WDT respectfully asks this Court to transfer this action to the Austin pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses." In the Fifth Circuit, a district court considering a motion pursuant to 28 U.S.C. § 1404(a) considers several private and public interest factors. *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 315. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. The Court should grant the transfer motion where, as here, "the transferee venue is clearly more convenient." *Id*. at 315.

In *Radmax*, the Fifth Circuit ordered an intra-district transfer because the "facts and circumstances of [the] case [were] wholly grounded in the transferee forum" and the "case [had] no connection to the [transferor forum]" after it found that three factors supported the transfer and

8

the remaining five factors were neutral. 720 F.3d at 290.  Similarly, in *Datascape*, this Court ordered an intra-district transfer from Waco to Austin when access to sources of proof was relatively easier in Austin, no employees of the defendant were located in the Waco division, and other factors either favored transfer or were neutral.  *Datascape, Ltd v. Dell Techs.*, No. 19-CV-00129-ADA, ECF No. 44 (W.D. Tex. June 7, 2019).

As illustrated below, four of the eight relevant factors favor transfer, and four factors are neutral; no factor weighs against transfer.  Thus, WDT respectfully requests that the Court transfer this action to the Austin Division "[f]or the convenience of parties and witnesses" under 28 U.S.C. § 1404(a).

### A.   The Private Interest Factors Favor Transfer

As further discussed below, the private interest factors overwhelmingly favor a transfer from the Waco Division to the Austin Division, because the Austin Division is the most convenient venue in Texas.  Several non-party witnesses, including eight inventors of the Asserted patents, and others that are expected to have pertinent information concerning the manufacturing processes for making the WDT Accused Products, reside in Austin.  *See supra* § II.A.  Conversely, there do not appear to be any relevant witnesses, nor documentary sources of proof, located in Waco.  *Id.*  Moreover, although WDT's presence in Texas is limited, WDT has two offices in Austin, but has no presence in Waco.  *Id.*, § II.B.  Similarly, Ocean has no presence whatsoever in Waco.  *Id.*, § II.C.

#### 1.   The *Access to Sources of Proof* Factor Favors Transfer

"This factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence[.]"  *In re Apple, Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020) (citing *Volkswagen II*, 545 F.3d at 316-318); *In re TOA Techs., Inc.*, 543 Fed. App'x 1006, 1009 (Fed. Cir. 2013) ("The critical inquiry 'is relative ease of access, not absolute ease of access'" (citing *In*

9

*re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013))). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). However, "a movant need not show that all relevant documents are located in the transferee venue to support a conclusion that the that the location of relevant documents favors transfer. Nor is this factor neutral merely because some sources of proof can be identified in the [transferor] district." *Apple*, 979 F.3d at 1340; *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (finding that this factor "weighs significantly in favor of transfer" where defendants' sources of proffer were "likely" located in the transferee venue based on evidence that their primary offices were located in the transferee venue and evidence that the research, design, development, testing, marketing, sales, and pricing of the accused products "would have occurred" in the he transferee venue, and no likely sources of proof were in the transferor venue); *Raz Imps., Inc. v. Luminara Worldwide, LLC*, No. 15-cv-02223-M, 2015 WL 6692107, at *5 (N.D. Tex. Nov. 3, 2015) (finding that the preferred forum is "the center of gravity of the accused activity," including where the accused product's "testing, research, and production as well as the place where the marketing and sales decisions occurred."). Here, the center of gravity is most certainly *not* the Waco Division. To the extent any center of gravity exists in Texas, it would be in the Austin Division, not the Waco Division.

This factor favors transfer where the transferee forum is more proximate to "relevant third parties to the case." *Uniloc USA, Inc. v. Blackboard, Inc.*, No. A-17-cv-00753, 2020 WL 4578702, at *3 (W.D. Tex. May 15, 2020). WDT has already identified several highly relevant third parties located in Austin, and none in Waco: Applied, ASML, TSMC, and AMD. *See supra* § II.A. These third parties are likely to have relevant sources of proof located in Austin, and not Waco.

10

Moreover, neither WDT nor Ocean are likely to have any documents or other sources of proof located in Waco. *See* Daneman Decl., ¶10. As such, access to sources of proof is easier in Austin as compared to Waco. As such, this factor favors a transfer to the Austin Division. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1254–55 (Fed. Cir. 2010) ("[T]he combination of multiple parties being headquartered in or near the transferee venue and no party or witness in the plaintiff's chosen forum is an important consideration.").

### 2. The *Availability of Compulsory Process* Factor is Neutral

This factor is neutral as between the Waco Division and the Austin Division, because both the Waco Division and the Austin Division are in Texas, and a court can subpoena a witness to attend trial "within the state the person resides, is employed, or regularly transacts business, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii); *MasterObjects, Inc. v. Facebook, Inc.*, Case No. 6:20-CV-00087-ADA, at *7 (W.D. Tex. July 13, 2021).

### 3. The *Convenience of the Witnesses and Parties* Factor Favors Transfer

Because the location of the proceeding would force U.S.-based witnesses to travel more than 100 miles to attend a proceeding in this District, this Court must also consider the cost of attendance for willing witnesses, which is "the single most important factor in the transfer analysis." *Moskowitz Family LLC v. Globus Medical*, 2020 WL 4577710 (W.D. Tex. July 2, 2020), at *4 (citing *Genentech*, 566 F.3d at 1343); *In re: Adobe*, 823 F. App'x 929, 931 (Fed. Cir. 2020) (finding that "district court failed to accord proper weight to the convenience of the transferee venue" where the vast majority of party witnesses and non-party witnesses resided in the transferee venue.). The Fifth Circuit's 100-mile rule states that "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled" when that

distance is more than 100 miles. *Volkswagen*, 545 F.3d at 317. The Court must consider not only monetary costs, "but also personal costs associated with being away from work, family, and community." *Id*.

As identified in Sections II.A, above, several non-party witnesses reside in Austin. ElDessouki Decl., Exs. B-I; Chen Decl., ¶¶ 5-9, Exs. 3-6. Maintaining this action in Waco would impose unnecessary burdens on numerous individuals, including important third party witnesses—the inventors, the third party foundries that manufacture the WDT Accused Products, and the manufacturers of the third party tools that are used in the allegedly infringing processes—regarding travelling to attend proceedings in Waco. Requiring any such witnesses to travel several hours round trip to Waco for hearings or trial would place an unnecessary burden on the witnesses that can be avoided if the case were in Austin. For example, because the witness order and testimony schedule at trial can be unpredictable, witnesses may need to be on-call while waiting to testify. If trial is held in Austin, these on-call witnesses can live in their homes, continue working at their regular office while they wait, and attend to other responsibilities in the evenings. They would not have that same opportunity if trial were held in Waco; instead, they would likely stay and work from a hotel room, away from their families and other responsibilities.

Relevant WDT witnesses may reside in California. Daneman Decl., ¶ 5. But, even for witnesses residing in California, travel to Austin would impose less costs and be less disruptive than Waco because direct flights are available between the locations of WDT's locations in the Bay Area or Orange County and Austin but not Waco, and the witnesses could work in WDT's Austin offices while waiting to testify.

Moreover, Ocean has no ties whatsoever to Waco, and therefore no witnesses in Waco. *See supra* § II.C. *See Adobe*, 823 F. App'x at 931 (finding this factor weighed in favor of a transfer where plaintiff's "own employees will be coming from outside both districts.").

The Austin Division is clearly more convenient than the Waco Division and transferring this case to the Austin Division will greatly reduce this burden of travel compared to retaining this case in the Waco Division. And, because this action implicates several non-party witnesses that will offer important testimony relevant to invention and non-infringement, this factor weighs heavily in favor of a transfer to the Austin Division. *See Moskowitz*, 2020 WL 4577710, at *4 ("The convenience of party witnesses is given relatively little weight compared to non-party witnesses."). *Acer*, 626 F.3d at 1255 (finding that the "convenience of the witnesses" factor favors transfer where non-party witnesses "will suffer the personal costs associated with being away from work, family, and community.") (internal quotations and citations omitted). As was the case in *Acer*, these "costs would be significantly minimized or avoided by transferring the case[.]" *Id*.

### 4.    The *Practical Problems* Factor Favors Transfer

The final private interest factor encompasses "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen*, 545 F.3d at 315. Defendants in four of the other cases filed by Ocean in the Waco Division have moved to transfer to the Austin Division, and WDT anticipates that the remaining defendants may move to transfer to the Austin Division.[4] Accordingly, judicial economy favors transfer to the Austin Division for all seven

---

[4] *See Ocean v. MediaTek Inc.*, Case No. 6:20-cv-1210-ADA, D.I. 34 (Motion to Transfer to the Austin Division); *Ocean v. NVIDIA Corp.*, Case No. 6:20-cv-1211-ADA; *Ocean v. NXP USA, Inc.*, Case No. 6:20-cv-1212-ADA; *Ocean v. Renesas Elecs. Corp.*, Case No. 6:20-cv-1213-ADA, D.I. 36 (Motion to Transfer to Northern District of California, or in the Alternative to the Austin Division); *Ocean v. Silicon Labs Inc.*, Case No. 6:20-cv-1214-ADA (D.I. 34) (Motion for Intra-District Transfer to the Austin Division); *Ocean v. STMicroelectronics, Inc.*, Case No. 6:20-cv-

defendants. Moreover, this case is in its early stages; the initial case schedule has just been entered, and discovery has yet to be opened. As a result, a prompt transfer will not cause delays in any one of the seven cases.

### B. The Public Interest Factors Favor Transfer

#### 1. The *Court Congestion* Factor is Neutral

WDT will not seek reassignment to another judge and will not seek a new schedule as a result of transfer to the Austin Division. Accordingly, this case will proceed at the same pace in the Austin Division as it would in the Waco Division. In fact, Ocean has conceded that transferring one of its seven related case in this District to the Austin Division would not be inefficient under these parameters. *Renesas*, Case No. 6:20-cv-01216-ADA, D.I. 39 at 14 (Ocean arguing in its opposition to defendants' motion to transfer the case to the Northern District of California, or in the alternative to the Austin Division, that "it would be highly inefficient to transfer this action to Austin ***unless*** this Court continued to preside over the action.") (emphasis in the original). Therefore, this factor is neutral.

#### 2. The *Local Interest* Factor Favors Transfer

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. It regards the "significant connections between a particular venue *and the events that give rise to a suit*." *Apple*, 979 F.3d at 1345 (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (emphasis added); *Volkswagen II*, 545 F.3d at 318; *In re HP Inc.*, 826 F. App'x. 899, 901 & 903–04 (Fed. Cir. 2020)) (internal quotations omitted, emphasis in original); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir.

---

1215-ADA (D.I. 37) (Motion for Intra-District Transfer), all originally filed in the Western District of Texas, Waco Division.

2009); *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-4387-K, 2015 WL 13870507, at *4 (N.D. Tex. July 23, 2015) ("A local interest is demonstrated by a relevant factual connection between the events and the venue."). This factor favors transfer for at least three reasons.

First, there is a significant connection between Austin and the purported inventions of the Asserted Patents. Six of the seven Asserted Patents had inventors located in Austin at the time the patents were filed. Compl., Exs. A-G. Moreover, according to Ocean's recently filed declaration, at least eight of the nine named inventors of the Asserted Patents presently reside in Austin. Chan Decl., ¶ 9. Conversely, there is no connection between Waco and the acts of purported invention, nor between Waco and Ocean. *Id*.

Second, there is a significant connection between Austin and the third party foundries and tool manufacturers. These third parties are located in Austin, but none of these third parties have any presence, nor do they conduct business, in Waco. *See supra* § II.A. Third, there is no connection between Waco and WDT's alleged acts of infringement. Daneman Decl., ¶¶ 8-10. As such, in view of the inventors' and third parties' connection to Austin, this factor favors transfer.

### 3. The *Familiarity with the Law* Factor is Neutral

Ocean alleges only patent claims. Both this Division and the Austin Division are equally capable of construing and applying patent law. *See Camatic Proprietary Limited v. Irwin Seating Company*, No. 3:16-cv-0795-M 2017 WL 2362029, at *7 (N.D. Tex. May 31, 2017). Therefore, the third public interest factor is neutral.

### 4. The *Conflict of Laws* Factor is Neutral

The final public interest factor considers the avoidance of unnecessary problems of conflicts of law or the application of foreign law. "[F]ederal district courts are of equal jurisdiction, and the national patent system, where all appeals go to the Federal Circuit, eliminates the risk of

conflicting circuit precedent." *Camatic*, 2017 WL 2362029, at *7. Therefore, the fourth public interest factor is neutral.

In summary, this Court should transfer this action to the Austin Division because four of the eight factors weigh in favor of transfer, four are neutral, and not one weighs against transfer, as summarized in the following table:

| Factor | Outcome |
| --- | --- |
| Relative ease of access to sources of proof | Favors Transfer |
| Availability of compulsory process to secure attendance of witnesses | Neutral |
| Cost of attendance of willing witnesses | Favors Transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Favors Transfer |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest in having local interests decided at home | Favors Transfer |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Avoidance of unnecessary problems of conflict of laws or the application of foreign law | Neutral |

## IV. CONCLUSION

For the reasons set forth above, WDT respectfully requests that the Court transfer this action to the Austin Division for the convenience of the parties. Pursuant to Local Rule CV-7(g), WDT also requests an oral hearing on this motion.

Dated:  August 26, 2021

Respectfully submitted,
 /s/ *L. Kieran Kieckhefer*
L. Kieran Kieckhefer (*pro hac vice*)
Shearman & Sterling LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1124
Facsimile: 415.616.1199
Kieran.Kieckhefer@Shearman.com

David P. Whittlesey
Shearman & Sterling LLP
300 West 6th Street, 22nd Floor
Austin, TX 78701
Telephone: 512.647.1907
Facsimile: 512.857.6602
David.Whittlesey@Shearman.com

Matthew G. Berkowitz (*pro hac vice*)
Patrick Colsher (*pro hac vice*)
Yue (Joy) Wang (pro hac vice)
Shearman & Sterling LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3737
Facsimile: 650.838.5141
Matt.Berkowitz@Shearman.com
Patrick.Colsher@Shearman.com
Joy.Wang@Shearman.com

Ahmed ElDessouki (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.848.4908
Ahmed.ElDessouki@Shearman.com

*Counsel for Defendant Western Digital Techs., Inc.*

**CERTIFICATE OF CONFERENCE**

On August 19, 2021, counsel for WDT spoke with counsel for Ocean regarding whether WDT's motion for transfer would be opposed. On August 24, 2021, counsel for Ocean confirmed that it will oppose WDT's motion for transfer.

/s/ *L. Kieran Kieckhefer*
L. Kieran Kieckhefer

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that a true and correct copy of the above and foregoing document has been served on August 26, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF.

/s/ *L. Kieran Kieckhefer*
L. Kieran Kieckhefer